UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES K. MACK, SR., | ) | |
|     Petitioner, | ) | 2:16-cv-00118-GMN-GWF |
| vs. | ) | **ORDER** |
| BRUCE STROUD, | ) | |
|     Respondents. | ) | |

On May 5, 2016, the court entered an order dismissing this habeas corpus action based on a finding that petitioner had failed to timely pay the $5.00 filing fee. ECF No. 4. Petitioner has filed a motion asking the court to reconsider that order. ECF No. 6. With that motion, petitioner provides verification that, on April 26, 2016, prison officials deducted $5.00 from his account for the stated purpose of paying his filing fee to this court. *Id*.

Having reviewed its financial records, the court finds that it did indeed receive the $5.00 filing fee on May 2, 2016. ECF No. 7. Thus, petitioner's motion for reconsideration shall be granted. The Clerk shall file the petitioner's habeas petition.

However, in conducting an initial review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases, the court notes that petitioner has a previous case under 28 U.S.C. § 2254 with respect to the conviction challenged in this newly-submitted petition: *Mack v. McDaniel, et. al*, 3:08-cv-00198-HDM-VPC. In that proceeding, the court denied the habeas petition with prejudice on the merits. ECF No. 23 (3:08-cv-00198-HDM-VPC). The Ninth Circuit Court of

Appeals denied petitioner's request for a certificate of appealability with respect to that decision. ECF No. 28 (3:08-cv-00198-HDM-VPC).

Under 28 U.S.C. § 2244(b), where the petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in a prior application ((b)(1)) or a claim that was not presented in a prior application ((b)(2)) unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, 28 U.S.C. § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

The claims in the current petition are claims that either were or could have been raised in the earlier petition. Petitioner has not made a sufficient showing that the exceptions outlined in 28 U.S.C. § 2244(b)(2) apply. More importantly, he has failed to secure an order from the court of appeals authorizing this action as required by 28 U.S.C. § 2244(b)(3). Therefore, this court is without jurisdiction to consider the habeas petition filed herein.

*Certificate of Appealability*

If petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it

2

is an unauthorized, successive collateral attack).  A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In addition, when a § 2254 petition is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling.  Therefore, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 6) is GRANTED.  The order and judgment entered on May 5 and May 6, 2016, respectively are VACATED.  The Clerk shall **file** the petitioner's habeas petition.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is DISMISSED for lack of jurisdiction.  The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve upon respondents a copy of this order.  No response is necessary.

Dated this __27__ day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE